UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) Criminal Action No. 6: 14-20-DCR-03 |
| V. | ) |
| DAVID W. POWERS, | ) **MEMORANDUM OPINION** |
| Defendant. | ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of whether a 2011 Chevrolet truck owned by Defendant David Powers should be forfeited to the United States following Powers's guilty plea to violations of 21 U.S.C. §§ 841(a)(1), 846 and 18 U.S.C. § 922(g)(3). A hearing regarding this issue was held on September 11, 2015.

During the September 11th hearing, the United States presented testimony from three witnesses regarding the forfeiture issue: (i) Special Agent Todd Tremaine of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"); (ii) Sergeant Brandon White of the Williamsburg Police Department; and (iii) Tony Petrey, a co-defendant in the case. Based on this testimony, relevant admissions contained in the defendant's written Plea Agreement, and information outlined in Powers's Presentence Investigation Report ("PSR"), the Court concludes that the vehicle in issue was, in fact, used to facilitate the commission of the drug trafficking conspiracy. As a result, Powers will be required to forfeit his interest in this vehicle to the United States.

**I.**

On May 22, 2014, a federal grand jury returned a six-count Indictment against Defendants Powers, Petrey and four others, charging them with various firearms and drug crimes. Count 2 of the Indictment alleges that,

> Beginning on or about a day in October of 2013, the exact date unknown, and continuing through on or about March 19, 2014, in Whitley County, in the Eastern District of Kentucky, and elsewhere,
>
> **LARRY GUTIERREZ,
> TONY G. PERTEY,
> DAVID W. POWERS,
> JESSIE C. MAYS, and
> MARY PATRICIA CURETON**
>
> did conspire together and with others to knowingly and intentionally distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1), all in violation of 21 U.S.C. § 846.

[Record No. 8] In Count 5, the grand jury charged that Powers possessed a number of firearms and ammunition while being an unlawful user of a controlled substance in violation of 18 U.S.C. § 922(g)(3).

The Indictment contains a separate Forfeiture Allegation, asserting that all named defendants:

> used and intended to use [certain] described property to commit and facilitate the said controlled substance and firearms violations . . . [and that by] virtue of the commission of the felony offenses charged in this Indictment, any and all interest the Defendants have in the [] described property is vested in the United States and hereby forfeited to the United States pursuant to 21 U.S.C. § 853, 18 U.S.C. §924(d)(1), and 28 U.S.C. § 2461.

[*Id.*]  In addition to $2,416 in United States currency seized from Petrey at the time of his arrest, the Forfeiture Allegation identifies fourteen firearms and various rounds of ammunition seized from Powers.  Finally, the Forfeiture Allegation identifies and seeks forfeiture of a 2011 white Chevrolet Crew Cab 1500 pick-up truck, VIN number 3GCPKSE3XBG103433, bearing Kentucky license plate number 618-NGG.

While Powers has agreed to forfeit his interest in the firearms and ammunition located in his home and identified in the Indictment, he contests forfeiture of the 2011 Chevrolet truck.

Powers entered a guilty plea to Counts 2 and 5 of the Indictment on February 6, 2015.  [Record No. 160]  The written Plea Agreement executed by Powers in conjunction with his guilty plea provides, in relevant part, that:

> (a) Beginning in or about October of 2013, and continuing through on or about February 19, 2014, in Whitley County, Kentucky - which is located in the Eastern Judicial District of Kentucky - and elsewhere, the Defendant, David W. Powers, conspired with others to distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.
>
> \*\*\*     \*\*\*     \*\*\*
>
> (d) The Defendant admitted that Tony Petrey was his source of supply for meth and that he had received meth from Petrey approximately 5-6 times over a 4-5 month period.  The Defendant also admitted to providing a portion of this meth to others.  This activity occurred in Whitley County in southeastern Kentucky.

[Record No. 155]   While Powers identified Petrey as his source of supply of methamphetamine, he has not identified any other source in connection with the forfeiture proceeding.

The PSR prepared in connection with Powers's sentencing hearing repeats much of the information set out above. That report also contains additional information regarding Powers's activities during February of 2014. Specifically, paragraph 13, 18 and 19 contain information received by the probation office regarding a traffic stop occurring on February 11, 2014, and Powers's distribution activities occurring during the time charged in Count 2 of the Indictment.

> 13. On February 11, 2014, the Williamsburg (Kentucky) Police Department (WPD) conducted a traffic stop of a vehicle being operated by **Powers**. During the stop, a drug detection canine unit alerted to the presence of narcotics within the car [sic]. The WPD conducted a search of the car, but did not locate any drugs. However, a Taurus .45 caliber handgun was seized from under the center console. Powers admitted to being a user of methamphetamine, but denied being under the influence at that time.
>
> *** *** ***
>
> 18. On February 20, 2014, the Bureau of Alcohol, Tobacco, and Firearms (ATF), the KSP, and the WPD visited the residence of **David Powers**, who consented to a search and interview. . . . Powers admitted to being a regular user of methamphetamine over the past several months and that he had multiple loaded firearms within his home. Powers confessed to having discarded a quarter gram of methamphetamine from his vehicle during the February 11, 2014, traffic stop by the WPD.
>
> 19. **Powers** identified Petrey as **Powers'** source of methamphetamine supply, stating he had received the drug from Petrey five or six times over a four or five month period. **Powers** admitted to providing a portion of the methamphetamine to others.

[*See* PSR; Record No. 245.]

Powers filed objections to certain information contained in the PSR, including information contained in paragraph 18. More specifically, he contended that, while he discarded a quantity of methamphetamine from his 2011 Chevrolet truck on February 11,

2014, the drug was removed earlier in the evening at a gas station, and not immediately prior to the traffic stop. Neither this nor his other objections affected the guideline calculations contained in his PSR and, therefore, did not require resolution prior to the time of the sentencing hearing.

Powers's sentencing hearing was held on May 22, 2015. [Record No. 239] After considering all relevant information, the Court imposed a sentence which included a term of imprisonment of 57 months, followed by a total term of supervised release of five years. [Record No. 240] For the reasons explained during the sentencing hearing, the 57-month term of incarceration was at the top of Powers's non-binding guideline range. [*See* Transcript of 5/22/15 Sentencing Hearing, pp. 33-43; Record No. 281.]

## II.

An additional hearing was held on September 11, 2015 regarding forfeiture of Powers's interest in the 2011 Chevrolet truck.[1] During this hearing, the United States presented the testimony of three witnesses: AFT Special Agent Todd Tremaine; Sergeant Brandon White; and co-Defendant Tony Petrey.

### A.   AFT Special Agent Todd Tremaine

Special Agent Todd Tremaine has been employed with the ATF for over fourteen years. Tremaine interviewed Powers several days after the February 11, 2014, traffic stop.

---

[1] The truck was purchased by Powers's mother and transferred to him sometime prior to Powers's involvement in the drug conspiracy charged in the Indictment. The United States does not assert that the vehicle was purchased with drug proceeds. Instead, it contends that the vehicle was used to facilitate Powers's involvement in the drug conspiracy charged in Count 2 of the Indictment.

During the interview, Powers acknowledged throwing approximately ¼ gram of methamphetamine away shortly before the traffic stop conducted by the Williamsburg Police Department. Powers acknowledged that he had possession of methamphetamine on the night in question, stating that he was "fixin to get lucky" (*i.e.*, that he was intending to provide the illegal substance in exchange for sex). Powers was the sole occupant of the vehicle at the time of the traffic stop.

Shortly after the traffic stop, Tremaine determined that Powers was the registered owner of the 2011 Chevrolet truck that is the subject of the forfeiture proceeding. The Court clarified during the hearing that Powers was the registered owner of the 2011 truck at the time charged in the Indictment.

      B.     **Sergeant Brandon White**

Brandon White is a sergeant with the Williamsburg Police Department where he has been employed for approximately six years. He is currently a field training officer and drug recognition expert.

White was involved in the traffic stop of the 2011 Chevrolet truck driven by Powers on the night of February 11, 2014. White testified that, while Powers was stopped for careless driving, he was not found to be under the influence of alcohol or controlled substances at the time of the traffic stop.

On cross-examination, White acknowledged that a K-9 unit searched Powers's truck, but no drugs were found in the vehicle.

### C.     Tony Petrey

Tony Petrey also entered a guilty plea on February 6, 2015.  However, Petrey pleaded guilty to Counts 2 and 4 of the Indictment.  In addition to testifying during the September 11, 2015, forfeiture hearing, Petrey testified as a witness for the government during the first trial of Mary Cureton (which resulted in a mistrial) as well as Cureton's second trial (which resulted in her conviction to Count 2).  [Record Nos. 184, 212]  Petrey readily acknowledges that he hopes to receive a reduced sentence in exchange for his cooperation and testimony.  Thus, the Court views his testimony with more caution based on this motivation.  Notwithstanding the close scrutiny given to Petrey's testimony, the Court finds him to be a credible witness.  His testimony is also consistent with other relevant evidence presented by the parties.

Petrey has known Powers most of his life.  During the time charged in Count 2 of the Indictment (*i.e.*, late 2013 to early 2014), Petrey supplied Powers with crystal methamphetamine on several occasions.  The meetings during which methamphetamine was provided to Powers did not occur at any particular place; however, on a few occasions, Petrey would meet Powers as Powers was returning home from work, driving the 2011 Chevrolet truck.  Petrey recalled that one drug transaction occurred near an Interstate 75 exit near the community of Goldbug in Whitley County (just north of Williamsburg, Kentucky).  Petrey testified that he supplied Powers with "distribution amounts" of methamphetamine, which he described as at least two eight-balls (3 ½ grams per eight-ball).  The parties agreed that the total amount of methamphetamine attributed to Powers during the conspiracy was between 5

and 20 grams of actual methamphetamine. [*See* Record No. 155 (Plea Agreement, ¶ 5(b)); and Record No. 245 (PSR, ¶¶ 35, 41.]

Petrey testified that he sold Powers crystal methamphetamine between 3 and 5 times during the course of the drug conspiracy, which is slightly less than the number of transactions that Powers admitted to in his written Plea Agreement. [Record No. 155] Powers was driving the 2011 Chevrolet truck during at least one of drug transactions specifically described by Petrey. Thus, Powers would have used the truck to transport the methamphetamine to other locations after the transfer(s) from Petrey. And while Powers acknowledged supplying methamphetamine to others after receiving the substance from Petrey, no testimony was presented that Powers only received person use quantities of methamphetamine on those occasions during which he was driving the subject truck.

### III.

The issue presented is whether the United States has proven a nexus between the property in issue (*i.e.*, the 2011 Chevrolet truck) and the criminal activity undertaken by Defendant David Powers and charged in Count 2 of the Indictment by a preponderance of evidence. *United States v. Corrado*, 227 F.3d 543 (6th Cir. 2000); *United States v. Hall*, 411 F.3d 651 (6th Cir. 2005). Based on the evidence presented during the forfeiture hearing, the admissions contained in the defendant's plea agreement, and relevant portions of the PSR, the Court finds that this burden has been satisfied under Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure.

Although Powers contends that, prior to the traffic stop on February 11, 2014, he disposed of the ¼ gram of methamphetamine that he was intending to exchange for sex later that evening, it is not logical to conclude that he would have thrown away the substance when he stopped at a gas station.[2]  There would have been no motivation for such action, and Powers has given no explanation for his position.  Instead, it would appear more likely that the methamphetamine would have been disposed of immediately prior to (and because of) the impending traffic stop conducted by Sergeant White.  Thus, based on the evidence presented, the Court concludes that: (i) Powers was in possession of a small amount of methamphetamine (1/4 gram) on the night of February 11, 2014; (ii) Powers was using the 2011 Chevrolet truck to transport the methamphetamine; (iii) the methamphetamine has been supplied by Tony Petrey as part of the conspiracy alleged in Count 2 of the Indictment; and (iv) Powers intended to provide the methamphetamine to a third person in exchange for sex. Thus, the 2011 Chevrolet truck was being used to facilitate the drug conspiracy during the time charged in Count 2 of the Indictment.  However, this is not the only evidence that supports the United States' forfeiture allegation.

The Court also concludes that Powers used the truck to acquire from Petrey -- and then transport -- distribution quantities of methamphetamine on one or more occasions. More specifically, the Court finds that Powers used the 2011 Chevrolet truck when he obtained at least two eight-balls of methamphetamine from Petrey and then used the truck to

---

[2] During the September 11, 2015 hearing, counsel for Powers argued that Powers could have received the methamphetamine that he disposed of on the night of February 11, 2014, from someone other than Petrey. But there is no evidence to support this claim.  There is no evidence that Powers had a source of supply

transport the methamphetamine before it was ultimately distributed to other unidentified individuals during the time charged in Count 2 of the Indictment. The vehicle, therefore, is subject to forfeiture in accordance with the United States' allegation.

Accordingly, the Preliminary Judgment of Forfeiture previously tendered by the United States will be entered this date.

This 14th day of September, 2015.

Signed By:
*Danny C. Reeves* DCR
United States District Judge

---

other than Petrey.